UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., | Case No. |
| Plaintiff, | |
| v. | COMPLAINT |
| ASSOCIATED PARTNERSHIP LTD. d/b/a ROLLX VANS and d/b/a WWW.ROLLXVANS.COM | |
| Defendant. | DEMAND FOR JURY TRIAL |

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex"), through its attorneys, complaining of defendant, Associated Partnership, Ltd. d/b/a Rollx Vans and d/b/a/ www.rollxvans.com (hereinafter referred to as "Defendant") hereby alleges as follows:

**STATEMENT OF THE CASE**

1.   This is a suit by Rolex against Defendant seeking injunctive relief, Defendant's profits, compensatory damages, costs and attorneys fees of this action for Defendant's acts of trademark infringement, use of a false designation of origin and false description and dilution by blurring.  Defendant is being sued by Rolex as a result of Defendant's use of a mark, "ROLLX," as a business/trade name and in its website advertising and promotion of its services and goods.  Defendant's use of this confusingly and substantially similar, sound-a-like mark is likely to bring to mind Plaintiff's famous "ROLEX" trademark, create consumer confusion, a false association between Rolex and

7289149v1

Defendant and dilute the distinctiveness of the ROLEX trademark. In order to avoid further confusion and mistake as to an affiliation with Plaintiff and to avoid dilution of its famous trademark, Plaintiff brings this action. As set forth below, Defendant's acts constitute federal trademark infringement, use of a false designation of origin, false description and unfair competition, and dilution by blurring in violation of 15 U.S.C. §§1114 & 1125 (a) and (c).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338. Jurisdiction over state claims is conferred on this Court under 28 U.S.C. § 1338, as these claims are joined with substantial and related claims under the federal trademark laws of the United States and the pendent jurisdiction of this Court.

3. Defendant is subject to the Court's jurisdiction because it resides and/or does business and has committed the acts complained of in this District.

4. Defendant is subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York, 10022.

7. Upon information and belief, Defendant is duly organized and existing under the laws of the State of Minnesota, having an office and principal place of business at 6591 West Highway 13, Savage, MN 55378.

8. Defendant is subject to the jurisdiction of this Court because it is domiciled in and conducts substantial business within this District.

## FACTUAL ALLEGATIONS

A. **Rolex's Famous Products and Trademarks**

9. Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear the trademark ROLEX, as defined below, and numerous other trademarks.

10. Rolex watches are identified by the trade name and trademark ROLEX.

11. Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality, distinctive Rolex watches, watch bracelets and related products for men and women (hereinafter referred to as "Rolex Watches").

12. Rolex is responsible for maintaining control over the quality of Rolex products and services in this country.

13. Rolex has developed an outstanding reputation because of the uniform high quality of Rolex Watches and the ROLEX trademark is a distinctive mark used to identify these high quality products originating with Rolex.

14. Rolex is the owner of the following federal trademark registration in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **ROLEX** | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |

A correct and true copy of Rolex's federal trademark registration ("ROLEX") is attached hereto as **Exhibit 1** and is incorporated herein by reference.

15. The ROLEX trademark is valid and subsisting and in full force and effect and has become incontestable pursuant to 15 U.S.C. § 1065.

16. The ROLEX trademark is a fanciful trademark and is entitled to the highest level of protection afforded by law.

17. Rolex and its predecessors have used ROLEX for nearly a century on and in connection with Rolex Watches and related products.

18. Rolex provides significant financial support to many charities. One of the charities is The Fisher House which provides housing to families visiting U.S. servicemen and women who are in long term physical rehabilitation.

19. Based on Rolex's continuous and exclusive use of the ROLEX trademark throughout the U.S. and worldwide, and its extensive advertising, sales and the wide popularity of Rolex products, the ROLEX trademark is famous and became famous well prior to the activities of Defendant complained of herein.

20. Rolex has gone to great lengths to protect its name and enforce its rights as the exclusive owner of its ROLEX trademark.

**B.     Defendant's Activities**

21.     Defendant began using and adopted the name ROLLX as a business/trade name in Minnesota in or around 2001.

22.     Defendant's mark, ROLLX, and Plaintiff's trademark ROLEX sound identical.

23.     Defendant's mark ROLLX and Plaintiff's trademark ROLEX are confusingly and substantially similar in appearance.

24.     Defendant refers to itself as ROLLX and sometimes "Rollx Vans" and offers on its website "Rollx Apparel," "Rollx Service," "Rollx Promise" and testimonials which all refer to its business as "ROLLX."

25.     Defendant manufactures, distributes, promotes, offers for sale and/or sells apparel bearing the mark ROLLX.

26.     On November 21, 2008, Defendant filed in the US Patent & Trademark Office ("USPTO") an application seeking registration for the mark ROLLX (Serial No. 77619235).

27.     On April 7, 2009, Defendant's mark ROLLX was published by the USPTO in the Official Gazette.

28.     Plaintiff first learned of Defendant's use of this mark after it was published and on June 8, 2009, Plaintiff filed an Opposition opposing the registration of Defendant's proposed mark (Opposition No. 91190541).

29. On March 15, 2010, Defendant withdrew its application for registration of the mark ROLLX.

30. On March 26, 2010, the USPTO entered a judgment against Defendant, sustaining Rolex's opposition and refusing registration of the ROLLX mark.

31. Despite Defendant's withdrawal of its application and judgment entered against Defendant, Defendant continues to use its ROLLX mark as a business/trade name, in its website and on promotional materials.

32. Long after Rolex's adoption and use of its ROLEX trademark on its products and after the ROLEX trademark became famous, Defendant began using the name ROLLX as a business/trade name and in its promotion and advertising of its business on its website.

33. Defendant's adoption and use of the business/trade name ROLLX is designed to cause consumer confusion and create a false association and affiliation with Plaintiff's reputation for high quality goods from which defendant seeks to improperly benefit. .

34. Defendant's acts will dilute Plaintiff's distinctive and exclusive use of its ROLEX trademark.

35. Defendant is not now, nor has it ever been, associated, affiliated, connected with, endorsed or sanctioned by Rolex.

36. Rolex has never authorized or consented in any way to the use by Defendant of ROLLX or any mark confusingly similar thereto.

37. Defendant, by using a mark confusingly and substantially similar to the ROLEX trademark to conduct business, advertise and promote its services, is trading upon the goodwill and reputation of Rolex and creating a likelihood of confusion and false impression that Defendant and its services and goods are in some way affiliated with Rolex.

38. Defendant's use of a mark substantially similar to the ROLEX trademark blurs the distinctiveness of the ROLEX trademark.

39. Defendant had knowledge of Plaintiff's use of the ROLEX trademark and its reputation for distinctive high quality goods, prior to its adoption and use of its ROLLX mark.

40. Rolex has no adequate remedy at law.

41. Rolex has suffered irreparable harm and damages as a result of Defendant's conduct, including blurring of its trademark, loss of control over its reputation, and loss of goodwill.  Defendant's wrongful acts will continue unless enjoined by the Court. Accordingly, Defendant must be restrained and enjoined from any further infringing, unfairly competitive or dilutive activities.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement, 15 U.S.C. § 1114)

42. Rolex hereby incorporates by reference paragraphs 1-41 as though fully set forth herein.

43. Defendant uses the ROLLX mark in association with its sale, offer for sale and advertisement of its services knowing that its mark is confusingly similar to the ROLEX trademark.

44. Defendant engages in the above described activities with the intent to confuse and deceive the public into believing that the services and goods it offers for sale and sells are sponsored, affiliated or associated with Rolex, when in fact it is not.

45. Defendant's activities, as described above, constitutes use in commerce of a copy or colorable imitation of Rolex's registered mark in a manner which is likely to cause confusion and mistake in the minds of the public in violation of 15 U.S.C. § 1114.

46. Defendant's acts constitute willful trademark infringement in violation of 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF
**(Trademark Infringement, Unfair Competition, False Designation of Origin & False Description, 15 U.S.C. § 1125(a))**

47. Rolex hereby incorporates by reference paragraphs 1-41 as though fully set forth herein.

48. In connection with Defendant's advertisement, promotion, offer of sale and sale of its services and goods, Defendant has used a mark confusingly similar to the ROLEX trademark in interstate commerce.

49. Rolex has exclusively used the ROLEX trademark for almost 100 years and has invested millions of dollars in the advertising and publicity of its mark and created a reputation as the originator of prestigious and high quality goods.

50. Defendant's use of a mark confusingly similar to the ROLEX trademark in its advertisement, promotion, offer of sale and sale of it's services and goods, is likely to deceive customers as to the origin, sponsorship, association or approval by Rolex of the Defendant's services and goods.

51. Defendant uses a mark similar to the ROLEX trademark with full knowledge of the falsity of such affiliation and sponsorship of Defendant and its products.

52. Defendant's use of a mark similar to ROLEX on its website and apparel constitutes false descriptions and representations tending falsely to describe or represent Defendant and its services as being authorized, sponsored, affiliated or associated with Rolex.

53. Defendant has used a mark similar to the ROLEX trademark in a manner which is likely to mislead the public, and trade upon the reputation of Rolex by misappropriating the valuable trademark rights of Rolex.

54. Defendant's acts constitute use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent their services as those of Rolex in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. Defendant's acts constitute unfair competition under federal law.

56. Defendant's acts are causing and continue to cause irreparable harm to Rolex regarding its loss of control over its reputation and goodwill.  Plaintiff has no adequate remedy at law, unless and until Defendant's actions are enjoined.

## THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution, 15 U.S.C. §1125(c))

57. Rolex hereby incorporates by reference paragraphs 1-41 as though fully set forth herein.

58. Defendant's use of the ROLLX mark in its business/trade name and in association with its services and website, constitutes Defendant's commercial use of a mark substantially similar to the ROLEX trademark.

59. Long before Defendant's use of its ROLLX mark, the ROLEX trademark had become famous in the United States and worldwide.

60. The ROLEX trademark is inherently distinctive.

61. The ROLEX trademark is recognized throughout the world as a symbol of quality, luxury, success and value.

62. Defendant's use of its ROLLX mark constitutes dilution by blurring of the distinctiveness of the ROLEX trademark.  Unless restrained, Defendant's use will continue to dilute the distinctive quality of Plaintiff's famous mark by destroying and blurring the exclusive association between the ROLEX trademark and Plaintiff's products and/or by lessening the ability for consumers to exclusively identify Plaintiff with its merchandise.

63. Defendant's acts as aforesaid are diluting the distinctive quality of the ROLEX trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

64. Rolex is suffering and will continue to suffer irreparable harm from the Defendant's dilutive activities, without any adequate remedy at law, unless enjoined by this Court.

### FOURTH CLAIM FOR RELIEF
#### (Trademark Infringement under Minnesota Common Law)

65. Rolex hereby incorporates by reference paragraphs 1-41 as though fully set forth herein.

66. Defendant's acts violate Rolex's trademark rights under Minnesota common law regarding trademark infringement and unfair competition.

67. Defendant's conduct has damaged Rolex in an amount to be ascertained at trial, and will, unless preliminarily and permanently restrained and enjoined, further impair the value of Rolex's registered mark, as well as Rolex's reputation and goodwill. Rolex has no adequate remedy at law.

68. Rolex is entitled to monetary damages and injunctive relief prohibiting Defendant from using a mark confusingly similar to the ROLEX trademark, or any other trade name, trademark, or domain name that is likely to be confused with Rolex's registered mark. Without preliminary and permanent injunctive relief, Rolex has no means by which to control the continuing injury to its reputation and goodwill.

69. Rolex has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Rolex if it loses the ability to control the use

of its registered mark, or suffer damage to its reputation and goodwill through the false and unauthorized use of a mark confusingly similar to the ROLEX trademark.

70. Rolex is entitled to recover all damages proximately caused by Defendant's willful infringement.

## FIFTH CLAIM FOR RELIEF
### (Deceptive Trade Practices in violation of Minn. Stat. § 325D.44)

71. Rolex hereby incorporates by reference paragraphs 1-41 as though fully set forth herein.

72. Defendant's acts constitute deceptive trade practices in violation of Minnesota Statutes §325D.44.

73. Rolex is entitled to injunctive relief prohibiting Defendant from using its ROLLX mark which deceptively represents its product or service as being sponsored, affiliated, associated or in any way authorized by Rolex when it is not.. Without preliminary and permanent injunctive relief, Rolex has no means by which to control the continuing injury to its reputation and goodwill.

74. Rolex has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Rolex if it loses the ability to control the use of its registered mark, or suffer damage to its reputation and goodwill through the use of Defendant's mark which creates a false and deceptive representation that Defendant is in some way associated with Rolex.

75. Because Defendant's actions have been committed willfully, maliciously and intentionally, Rolex is entitled to recover costs of this action and reasonable

attorneys' fees pursuant to Section 325D.45 of the Minnesota Statutes.

### SIXTH CLAIM FOR RELIEF
### (State Trademark Dilution, Minn. Stat. § 333.285)

76. Rolex hereby incorporates by reference paragraphs 1-41 as though fully set forth herein.

77. Defendant's acts constitute trademark dilution under Minnesota Statutes § 333.285.

78. Rolex is entitled to injunctive relief prohibiting Defendant from using its ROLLX mark which is so similar to the ROLEX trademark that Defendant's use will likely dilute the distinctive quality of Rolex's famous trademark. Without preliminary and permanent injunctive relief, Rolex has no means by which to control the continuing injury to its reputation and goodwill or the continuing dilution of its trademark.

79. Rolex has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Rolex if it loses the ability to control the use of its registered mark, or suffer irreparable damage from the dilution of the distinctive quality of its ROLEX trademark.

80. Because Defendant's actions have been committed willfully, maliciously and intentionally, Rolex is entitled to recover Defendant's profits together with Rolex's damages, trebled, costs of the action, and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Rolex respectfully requests that the Court order the following relief:

I.    That the Court enter an injunction ordering that Defendant, its agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

(a)    using the mark ROLLX in its trade/business name, in its website name or as a trademark to identify its goods or services;

(b)    using the mark ROLLX or any mark similar thereto in a manner which may injure Rolex's business reputation or weaken the distinctive quality of the ROLEX trademark, Rolex's name, reputation or goodwill;

(c)    using the mark ROLLX or any mark similar thereto in a manner which is likely to cause confusion or tends to falsely describe or represent Defendant's services as being sponsored by or associated with Rolex and from offering such services in commerce; and

(d)    using or continuing to use the ROLLX mark or trade name in any variation thereof on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index).

II.    That Defendant, within thirty (30) days of judgment, file and serve Rolex with a sworn statement setting forth in detail the manner and form in which it has complied with this injunction pursuant to 15 U.S.C. § 1116(a), Minn. Stat. § 333.285 and Minn. Stat. § 325D.44.

III.   That Defendant immediately cease use of www.rollxvans.com as a website and domain name.

IV.   That Defendant be required to immediately destroy any and all advertising, promotional, or marketing materials, or supplies used to conduct business, within its possession, custody or control that use the ROLLX mark.

V.   Requiring Defendant to pay to Rolex such damages Rolex has sustained as a consequence of its acts of unfair competition as alleged herein, and to account for all gains, profits and advantages derived by Defendant from its activities.

VI.   Ordering that Rolex recover the costs of this action, together with reasonable attorneys' fees and pre-judgment interest in accordance with 15 U.S.C. § 1117, Minn. Stat. § 333.285 and Minn. Stat. § 325D.44.

VII.   Directing that this Court retain jurisdiction of this action for the purpose of enabling Rolex to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

VIII.   Awarding to Rolex such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Rolex has incurred in connection with this action.

Dated: December 2, 2010

Respectfully submitted,

By: s/ Ruth Rivard

Kevin D. Conneely (#192703)
Ruth Rivard (#327591)

LEONARD, STREET AND DEINARD
  Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota  55402
Telephone:  (612) 335-1500
Facsimile: (612) 335-1657

-and-

Of Counsel (*pro hoc vice motions to be submitted*):

Brian W. Brokate
Beth M. Frenchman
Jeff Dupler

Gibney, Anthony & Flaherty, LLP.
665 Fifth Avenue
New York, NY 10022
Telephone: (212) 688-5151 Phone
Facsimile: (212) 688-8315 Fax

***Attorneys for Plaintiff Rolex Watch U.S.A., Inc.***